**STATE PERSONNEL BOARD OF KENTUCKY, et al., Movants,**

v.

**Thomas C. GREENWELL, Commissioner, Department of Personnel, Commonwealth of Kentucky, Respondent.**

No. 89–SC–279–DG.

Supreme Court of Kentucky.

Sept. 6, 1990.

Steven G. Bolton, Frankfort, for movants.

Daniel F. Egbers, Managing Atty., Dept. of Personnel, Anne E. Keating, Dept. of Personnel, Frankfort, for respondent.

STEPHENS, Chief Justice.

The primary issue in this case concerns the statutory authority of the State Personnel Board of Kentucky to issue an order directing the Commissioner of the Department of Personnel to administer the law concerning Federally–Funded Time–Limited (FFTL) positions. The circuit court ruled in favor of the personnel board, and the Court of Appeals reversed. We hold that the state personnel board has the statutory authority to examine whether a position is properly classified as FFTL, and therefore we reverse the Court of Appeals.

An FFTL position is a specifically defined position in the unclassified service of state government. KRS 18A.005(15) provides that a " '[f]ederally funded time-limited position' means a position created

for the specific purpose of providing public service employment or one-time special or research project services for a limited period of time and shall not exceed the period of time for which that specific federal funding is provided." An FFTL employee is "an employee[e] appointed to a federally funded time-limited position." KRS 18A.005(14). FFTL employees are exempted from the classified service by KRS 18A.115(1)(q). That statute provides:

"Employment exempted from classified service— ... (1) The classified services to which KRS 18A.005 to 18A.200 shall apply shall comprise all positions in the state service now existing or hereafter established, except the following:

. . . .

(q) Federally funded time-limited employe[e]s."

The dispute here evolved because of disagreement between the board and the commissioner as to the correct interpretation of the statutory definition of FFTL positions. The commissioner contends that any position paid for with federal funds constitutes "public service employment" and hence is an FFTL position. The board offers a strict interpretation of the statutory definition: FFTL positions are limited to those positions for which the federal government has granted funds 1) to *provide* public employment for under-employed or non-employed persons, or 2) for special or research projects that have a limited life.

The board was concerned that FFTL positions—which have more than doubled in Kentucky state government since 1980—were being used to circumvent the merit system of employment it has a statutory duty to regulate. Consequently, the board appointed an officer to investigate the current use of FFTL positions in state government. The investigation consisted solely of a review of official records of the Commonwealth. Based on this investigation and backed by an informal advisory opinion from the attorney general, the board issued an order directing the commissioner to review all FFTL positions in the unclassified service, to apply the board's interpretation

of the legal definition of an FFTL position, and to abolish as an FFTL position those positions that did not meet the designated criteria. The board observes that it did not prohibit the commissioner from changing inappropriately designated FFTL positions to lawfully designated positions under KRS Chapter 18A.

The commissioner refused to obey the board's order, claiming that the board had no jurisdiction over FFTL employees. He then filed a declaratory judgment action in Franklin Circuit Court, pursuant to KRS 18A.100. The circuit court accepted the board's restrictive interpretation of an FFTL position and ruled that the board had acted within its statutory authority to investigate and enforce the provisions of KRS Chapter 18A.

The Court of Appeals reversed, stating that "the personnel board lacks authority to investigate or direct the manner in which FFTL positions *are to be administered* as those positions are specifically excluded from the classified service by KRS 18A.115. As they are excluded from the application of KRS 18A.005 to 18A.200, the statutes over which the personnel board has authority, it must necessarily follow that they [FFTLs] are not under the supervisory or investigatory powers of that body." (Emphasis added.)

The board argues that it was not seeking to "investigate or direct the manner in which FFTL positions are to be administered" by the Department of Personnel, and therefore the Court of Appeal's basis for reversal was misplaced. We agree. No one disputes that the personnel board may not supervise FFTL employees. See KRS 18A.075, 18A.115(1)(q), and 18A.115. Rather, the board advances the persuasive argument that by ordering the commissioner to comply with the law when establishing positions in the unclassified service, it was safeguarding the state's classified system, as it is statutorily required to do.

The board's argument finds support in the statutes. KRS 18A.075 sets out the duties of the personnel board as follows:

"Subject to the provisions of this chapter ... it shall be the duty of the board to:

(1) promulgate comprehensive administrative regulations consistent with the provisions of KRS 18A.005 to 18A.200 ...;

(2) [m]ake investigations, either on petition of a citizen, taxpayer, interested party, or on its own motion, concerning the enforcement and effect of KRS 18A.005 to 18A.200 and *to require observance of its provision* and the administrative regulations promulgated pursuant to the provisions of this chapter ...;" (Emphasis added.)

The commissioner concedes that the personnel board has a right to investigate any matter in KRS Chapter 18A that is not specifically exempt from its jurisdiction, but contends that KRS 18A.155 grants the commissioner, not the board, authority over FFTL positions.

While the commissioner correctly states the thrust of KRS 18A.115 and 18A.155, neither of these statutes robs the board of jurisdiction in this case. We are persuaded by the board's argument that according to KRS 18A.115, all positions in state service are in the classified system except those that are specifically excluded, such as FFTLs. Thus, if a position is *properly* excluded, it is placed in the unclassified service, and the board's oversight duties are limited. If, however, a position is not properly excluded, it remains in the classified service, subject to the board's supervision. And pursuant to KRS 18A.075, the personnel board has the duty to investigate whether a position is properly or improperly excluded from the classified service, in order to protect the integrity of the merit system. See KRS 18A.010. We believe that the board has a duty to act to enforce the provisions of KRS 18A.005 to 18A.200 in a case such as this, where it believes that the unlawful use of unclassified positions infringes on the principles of the merit system.

Thus we hold that the personnel board has the statutory authority to examine whether a position is properly classified as FFTL.

■ The second issue we consider involves the legally correct definition of an

FFTL position. We believe that the board's strict interpretation of the statutory definition of an FFTL position is the correct one, and therefore we affirm the circuit court on this point as well. Defining as FFTL any position paid in whole or part with federal funds, as the commissioner urges us to do, would allow the great majority of positions in state government to be designated as FFTL, thus expanding the nonmerit system in state government while circumventing the protections built into the merit system. We do not believe that the Kentucky General Assembly intended such a drastic reduction in merit system protection.

We reverse the Court of Appeals.

GANT, LAMBERT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

COMBS, J., not sitting.